IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-00528-IM |
| v. | **ORDER** |
| **JAMES W. MILLEGAN**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Defendant James Millegan is charged with 12 counts of investment account churning in violation of 15 U.S.C. § 78j(b) and one count of tax evasion in violation of 26 U.S.C. § 7201. ECF 2 at 4–9. Millegan's trial is set for October 12, 2021. ECF 30. Now before the Court is the Government's motion to compel reciprocal discovery, ECF 29, and Millegan's motions for production of grand jury transcripts, ECF 31, and to sever Count 13 (tax evasion) for a separate trial, ECF 32.

On June 2, 2021, this Court held a hearing on the motions. At the hearing, this Court granted the Government's motion to compel reciprocal discovery subject to the conditions discussed below. The Court took Millegan's motions for production of grand jury transcripts and

to sever Count 13 under advisement. After considering the pleadings, the record, and the arguments of counsel, this Court DENIES Millegan's motion for production of grand jury transcripts, ECF 31, and GRANTS Millegan's motion to sever Count 13 for a separate trial, ECF 32.

## DISCUSSION

### A. Motion to Compel Reciprocal Discovery

The Government requested that this Court order Millegan to produce reciprocal discovery pursuant to Fed. R. Crim. P. 16(b) no later than 60 days before trial begins. ECF 29 at 1. Millegan did not dispute that Rule 16(b) imposes discovery obligations on the defense but disagreed with some of the Government's interpretations of those obligations. ECF 33.

Fed. R. Crim. P. 16(b)(1) states that if a defendant requests that the government produce discovery and the government complies, the defendant must then permit the government, upon request, to inspect and copy items that (1) are within the defendant's possession, custody, or control and (2) the defendant intends to use in its case-in-chief at trial.

At the hearing, this Court ordered the parties to confer 60 days before trial about the scope of the exhibits they intend to use. Both parties agreed that at the initial conferral, production may take the form of providing bates ranges instead of individual documents, with more specific production to follow as the parties finalize their trial strategies. After the conferral, the parties will have an ongoing obligation to produce documents they intend to use as their trial plans develop. This Court is mindful that the defense's strategy may evolve over time as it learns more about the Government's case and investigates the allegations. However, to the extent that the defense team has documents it knows it intends to use at trial, those documents must be produced to the Government. Given the voluminous nature of the discovery provided to the

defense by the Government, this Court interprets the term "within the defendant's possession, custody, or control" to mean within their "knowing" possession.

Both parties agreed that the defense team is not required to produce documents it intends to use exclusively for impeachment purposes during the Government's case-in-chief under Rule 16(b). However, where the defense questions Government witnesses beyond the scope of the direct examination such that it is functionally presenting portions of its own case-in-chief, documents introduced through that questioning are subject to Rule 16(b) discovery obligations. *See United States v. Holden*, 2015 WL 1514569, at *2–*5 (D. Or. March 19, 2015) (construing the term "case-in chief at trial" in Rule 16(b) to refer to the purpose for which the defendant intends to use the evidence at trial rather than in a strictly temporal sense (*i.e.*, the period of trial after the government rests)). This Court agrees with Judge Brown's analysis in *Holden* that the purpose for which the defendant intends to use the evidence controls its discovery obligation under Rule 16(b).

This Court further ordered that the Government present a list of the witnesses they intend to call 21 days before trial. Pursuant to *United States v. Hicks*, 103 F.3d 837, 841 (9th Cir. 1996) *overruled in part by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (*en banc*), the defense will not be required to disclose its witness list before trial. However, the defense's witness list must be disclosed at voir dire.

**B. Motion for Production of Grand Jury Transcripts**

Millegan moves for the production of transcripts of "the instructions to the grand jury related to the elements of the charged offenses and communications between the grand jury and the Government that relate to the grand jury's power to subpoena witnesses and seek additional evidence." ECF 31 at 32. The Government objects. ECF 34. At the hearing, the Government indicated that it did not object to this Court conducting an *in camera* review of the transcripts.

PAGE 3 – OPINION AND ORDER

However, because this Court finds that Millegan has not demonstrated a particularized need for the transcripts, it declines to conduct an *in camera* review or to order production of the transcripts.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) (citations omitted). Statements made by government attorneys before a grand jury may not be disclosed except in conformity with one of the exceptions to Fed R. Crim. P. 6(e). Rule 6(e)(3)(E) states that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter… at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

A court may permit disclosure of materials from grand jury proceedings under Rule 6(e) only when the requesting party demonstrates a "particularized need" which outweighs the need for continued secrecy. *United States v. Fischbach and Moore, Inc.*, 776 F.2d 839, 845–46 (9th Cir. 1985). The "particularized need" cannot be merely speculative, and the requested disclosure must be narrowly tailored to meet the need. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980); *Douglas Oil Co.*, 441 U.S. at 219–22.

Millegan argues that the grand jury instructions may reveal grounds for a motion to dismiss the indictment, making disclosure necessary to avoid a possible injustice in his proceedings. ECF 31 at 16–31. However, Millegan has failed to demonstrate how securing the instruction transcripts would further any future motion to dismiss the indictment.

An indictment may not be attacked based on the sufficiency of the evidence underlying it. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "An indictment returned by a legally

constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States,* 350 U.S. 359, 363 (1956). "Consistent with this approach, district courts generally may not look behind an indictment before trial." *United States v. Hickey*, 367 F.3d 888, 894 (9th Cir. 2004). An indictment that is valid on its face will not be dismissed "absent a showing that the government flagrantly manipulated, overreached, or deceived the [grand] jury." *United States v. DeLuca*, 692 F.2d 1277, 1280 (9th Cir. 1982) (even "incomplete evidence before the grand jury [does not] detract from the resulting indictment."); *see also Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989) ("Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried.").

Accordingly, if Millegan files a motion to dismiss the indictment, he will be limited to attacking the facial validity of the indictment unless he can show that the government flagrantly manipulated, overreached, or deceived the grand jury. In other words, unless the Government engaged in "flagrant" misconduct which undermined the integrity of the entire grand jury process, the grand jury transcripts will not be considered by the Court in Millegan's motion.

Nevertheless, Millegan argues that he has demonstrated a particularized need for the transcripts of the grand jury instructions. Millegan points to previously produced portions of the grand jury transcripts which reveal that prosecutors read witness testimony from a prior proceeding to the grand jurors and occasionally skipped portions of the testimony in the interest of time. ECF 31 at 18–31. Millegan argues that this practice, combined with the fact that the indictment does not include the element of willfulness in the churning counts, suggests that prosecutors may have misled the grand jury during the proceedings. *Id*. This Court finds that this speculative argument does not demonstrate a particularized need for the transcripts.

A presumption of regularity attaches to all aspects of grand jury proceedings. *Hamling v. United States,* 418 U.S. 87, 139-140 (1974); *In Re Grand Jury Proceedings,* 801 F.2d 1164, 1170 (9th Cir. 1986). Prosecutors reading portions of prior witness testimony to the grand jurors and skipping some portions in the interest of time is not indicative of an attempt to flagrantly manipulate or deceive the grand jury. To order production based on this alone would allow Millegan to "engage in a fishing expedition in hopes of uncovering an impropriety or defect in the proceeding where he has no basis to conclude that an impropriety or defect exists." *United States v. Faltine*, 2014 WL 4370811, at *5 (E.D.N.Y. Sept. 2, 2014) (citations omitted). If Millegan wishes to challenge the indictment on the grounds that it failed to allege the *mens rea* element of the churning counts, he may do so using the face of indictment itself in a motion to dismiss. Therefore, this Court finds that Millegan has failed to demonstrate a particularized need for the grand jury material he seeks.

At the hearing on June 2, defense counsel argued that Millegan is entitled to the Government's instructions to the grand jury even absent a showing of particularized need because such materials are not protected by Rule 6(e)'s presumption of secrecy. This Court allowed supplemental briefing on this issue from both parties. ECF 47; ECF 49. In his supplemental briefing, Millegan points to four cases.[1] ECF 47. None of the four cases support Millegan's position that the transcript of the U.S. Attorney's Office's empanelment orientation of his grand jury is unprotected by Rule 6(e).

---

[1] *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973); *United States v. Jack*, No. CR S-07-0266 FCD, 2009 WL 435124, at *4 (E.D. Cal. Feb. 20, 2009); *United States v. Marcucci*, 299 F.3d 1156, 1159 (9th Cir. 2002); *United States v. Diaz*, 236 F.R.D. 470, 477–78 (N.D. Cal. 2006).

Millegan's first three cases, *Alter*, *Jack*, and *Marcucci*, all address whether a *court's* charge and instructions to the grand jury are protected by the presumption of grand jury secrecy. 482 F.2d at 1029 n.21; 2009 WL 435124, at *4; 299 F.3d at 1159. These cases do not stand for the proposition that transcripts of the U.S. Attorney's Office's empanelment orientation are free from the protections of Rule 6(e).

Millegan's final case, *Diaz*, also does not hold that orientation instructions given by prosecutors always fall outside the bounds of Rule 6(e). The defendants in *Diaz* filed two motions, one to gain "access to grand jury ministerial records describing the procedural aspects of the grand jury investigation," and one for discovery of jury-composition information. 236 F.R.D. at 474–75. The motion for access to grand jury ministerial records included a request for "all instructions given to any grand jury that heard evidence in the instant matter." *Id.* at 474. The motion for discovery of jury-composition information included a request for "[a]ll directives, instructions, handouts, or information provided to grand jurors concerning their duties as grand jurors, their attendance and manner of deliberation." *Id.* at 475. The district court ordered the disclosure of these ministerial records, in part because the government did not object and in part because they "would not reveal the substance or essence of the grand jury proceedings." *Id.* at 477–78. Here, the Government objects to disclosure and argues that its instructions to the grand jurors are an essential part of the grand jury proceedings. Absent stronger authority demonstrating that the U.S. Attorney's Office's empanelment orientation to a grand jury lies outside of Rule 6(e)'s presumption of secrecy, this Court declines to find that Millegan is entitled to production of these records without showing particularized need.

Therefore, Millegan's motion to for production of grand jury transcripts, ECF 31, is denied.

## C. Motion to Sever

Millegan moves to sever Count 13, tax evasion, from the 12 counts of investment account churning. ECF 32. The Government opposes. ECF 36.

Fed. R. Crim. P. 8(a) requires that separate counts charged in the same indictment (1) be of the same or similar character; (2) be based on the same act or transaction; or (3) constitute parts of a common scheme or plan. A court determines whether joinder is proper based solely on the allegations in the indictment. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). Courts typically construe Fed. R. Crim. P. 8 in favor of joinder. *Id*. at 573. However, a court that concludes joinder was appropriate may nevertheless order separate trials on counts if joinder of offenses would prejudice a defendant. Fed. R. Crim. P. 14(a).

This Court finds that Count 13 and the 12 counts of investment account churning were properly joined under Rule 8(a) as "based on the same act or transaction." However, because this Court finds that joinder of Count 13 risks substantial prejudice to Millegan and does little to promote judicial economy, the motion to sever is granted.

Whether offenses joined in an indictment are based on the same act or transaction under Rule 8(a) "turns on the degree to which they are related." *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977). The term transaction "is interpreted flexibly." *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994) (interpreting Fed. Crim. R. P. 8(b), which applies to joinder of two or more defendants in the same indictment); *see also United States v. Walton*, No. 2:12-cr-00311-APG-PAL, 2013 WL 6409875, at *4 (D. Nev. Dec. 6, 2013) (applying the reasoning of *Vasquez-Velasco* regarding joinder of defendants to joinder of offenses). Counts are based on the same act or transaction if there is a "logical relationship between the transactions," which "is typically shown by the existence of a common plan,

scheme, or conspiracy." *Vasquez-Velasco*, 15 F.3d at 843–44 (internal citations and quotation marks omitted).

Here, while the connection between Count 13 and the 12 counts of investment account churning is somewhat tenuous, there is sufficient factual overlap to meet the flexible standard for joinder under Rule 8(a). The counts of investment account churning in the indictment are based on allegations that Millegan traded the accounts of 12 of his clients excessively in order to earn commission money. ECF 2 at 4–5. These counts are alleged to have occurred between 2012 and 2017. *Id*. Count 13, the tax evasion count, alleges that although Millegan reported his income to the IRS, he intentionally evaded payment of the taxes he owed both by moving income to bank accounts not disclosed to the IRS and by moving funds from his brokerage firm to another company he controlled. *Id*. at 5–9. This conduct is alleged to have occurred between 2009 and 2016. The commission money Millegan allegedly earned through unlawful churning was included in the funds he allegedly moved to non-disclosed bank accounts and another company to evade tax payments. Given the overlapping funds and the presumption in favor of joinder, this Court finds that there is a logical relationship between Count 13 and the churning accounts such that they can be properly joined under Rule 8(a) as "based on the same act or transaction."

However, although the counts were properly joined, this Court finds that joinder risks substantial prejudice to Millegan and does little to promote judicial economy. "The district court has wide discretion in ruling on a severance motion." *United States v. O'Neal,* 834 F2d 862, 866 (9th Cir. 1987). "In this circuit, the proper test is 'whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy.'" *Id.* (citing *United States v. Burgess*, 791 F.2d 676, 678 (9th Cir. 1986)). A defendant can establish prejudice by demonstrating one of three factors: "(1) he may become embarrassed or confounded in

presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)).

This Court finds that there is a risk that the jury may cumulate the evidence between the tax evasion count and the churning counts. In order to prove the tax evasion charge, the Government will likely need to introduce IRS documents, communications between Millegan and the IRS, financial documents related to Millegan's two companies, and bank account statements. ECF 32 at 5. In contrast, evidence used to prove churning typically consists of expert testimony and client account statements. *See, e.g.*, *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 530 (9th Cir. 1986) (concluding in the context of a civil case that "[t]he wisdom of introducing expert testimony regarding indications of churning is unquestioned . . . [and that] introduction of expert opinion on churning is essential.").

The Ninth Circuit recognizes that joinder can prejudice a defendant where otherwise inadmissible proof of one offense becomes admissible through a joined offense. *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975). Here, because the alleged conduct giving rise to the tax evasion charge is largely distinct from that which forms the basis of the churning counts, the expert testimony on the churning counts, which will likely involve technical explanations of statistical analyses, would be inadmissible on the tax evasion count. Additionally, the government could request that the victims of the alleged churning testify as to their financial background and investment objectives. *See, e.g.*, *Follansbee v. Davis, Skaggs & Co., Inc.*, 681

F.2d 673, 676 (9th Cir. 1982) (explaining that churning requires a showing that the defendant's trades went against the interests of the client). This type of victim testimony would also be inadmissible on the tax evasion count and highly prejudicial. As a result, allowing the churning counts to be tried with the tax evasion count could confuse the jury and result in prejudice to Millegan. *Johnson*, 820 F.2d at 1071 ("When evidence concerning the other crime is limited or not admissible, our primary concern is whether the jury can reasonably be expected to 'compartmentalize the evidence' so that evidence of one crime does not taint the jury's consideration of another crime" (quoting *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986))).

Further, because the evidentiary overlap between the tax evasion count and the churning counts will be minimal, keeping the tax evasion count joined will not result in greater judicial efficiency. *See United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976) ("Rule 8 seeks to obtain trial economy and efficiency."). Because joinder risks substantial prejudice to Millegan and does not promote efficiency, the motion to sever, ECF 32, is granted. The Government may select which trial to pursue first, which will be immediately followed by the trial on the remaining count(s).

## CONCLUSION

The Government's motion to compel reciprocal discovery, ECF 29, is GRANTED subject to the conditions discussed above, Millegan's motion for production of grand jury transcripts, ECF 31, is DENIED, and Millegan's motion to sever Count 13 for a separate trial, ECF 32, is GRANTED.
.

**IT IS SO ORDERED**.

DATED this 24th day of June, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
