Lisa Hay, OSB #980628
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
Tel:    (503) 326-2123
Email: lisa_hay@fd.org

Mark Middaugh
Middaugh Law, PLLC
600 University Street, Suite 3020
Seattle, Washington 98101
Tel:    (206) 919-4269
Email: mark@middaughlaw.com

Jessica Greenlick Snyder, OSB #134911
Research & Writing Attorney
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Tel:    (503) 326-2123
Email: jessica_snyder@fd.org

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:19-cr-00528-IM** |
| **Plaintiff,** | |
| | **DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| **v.** | |
| **JAMES W. MILLEGAN,** | |
| **Defendant.** | |

The defendant, James Millegan, through counsel, provides this notice of expected expert testimony pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C).

**PAGE 1.    DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

At the time of trial, Mr. Millegan anticipates calling three expert witnesses in support of the defense.

1) **Alexis Weyers, J.D.**

A copy of Ms. Weyers' *curriculum vitae* is attached as Exhibit A. In addition to the qualifications listed in the exhibit, Ms. Weyers has experience as a forensic analyst categorizing and assessing bank statements, QuickBooks entries, and other financial data in order to develop a full picture of the inflow and expenditure of funds. She has performed this analysis for clients seeking to present information to the Internal Revenue Service.  Ms. Weyers was retained on behalf of Mr. Millegan to categorize and/or consolidate certain expenses as shown in bank statements, QuickBooks entries, cancelled checks, and other sources provided to the defense by the government.

 Ms. Weyers' services are required to present a defense because the government declined to disclose to the defense the excel spreadsheets or other databases that its forensic analysts created from Mr. Millegan's thousands of pages of financial records. Ms. Weyers will present testimony equivalent to the testimony expected from government witnesses FBI Agent Nix and FBI Analyst Tabbal, that is, she will testify about the QuickBooks ledgers and bank records she reviewed and summarized and any categories she created.  Ms. Weyers will not offer an opinion, but instead will present facts based on voluminous records that cannot otherwise be presented to the jury. Ms. Weyers has not written a report.

2) **William Webb**

A copy of Mr. Webb's *curriculum vitae* is attached as Exhibit B. William Webb is a financial services executive and consultant based in Chicago, Illinois. Mr. Webb has experience

**PAGE 2.   DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

as an expert witness regarding compliance and supervision issues in securities arbitrations and disputes involving broker-dealers  and financial services firms. He provides hands-on broker-dealer advice for business formation, compliance and operations, sales and supervision issues. Based on his expertise and experience with the regulatory environment governing broker-dealers, including FINRA and SEC requirements, Mr. Webb will assist the jury in understanding inferences that the government may ask the jury to draw from facts relating to Mr. Millegan's brokerage business. Specifically, to the extent the government makes these issues relevant in its case-in-chief, Mr. Webb will explain the net capital requirement that affects broker-dealers; the regulatory environment created by FINRA and the SEC and the documents required to be submitted to these agencies; the use of clearing firms by broker-dealers; the use of LLCs or other entities by broker-dealers; and other relevant facts about the operating of a broker-dealer. Mr. Webb will not offer an opinion but instead will clarify common operating procedures and requirements of broker-dealers that are not within the common knowledge of lay jurors. Mr. Webb has not written a report.

   3)  **Lavar Taylor, J.D.**

Lavar Taylor is the founder of Law Offices of A. Lavar Taylor and has over 38 years of experience in handling civil and criminal tax controversies involving the IRS and state tax agencies.  Mr. Taylor  is widely recognized for his expertise and success in handling bankruptcy-related tax matters, he serves as Tax Counsel to the firm Shulman Bastian Friedman & Bui, LLP, and he handles litigation in all trial and appellate courts.  Mr. Taylor also resolves administrative disputes with the IRS and state tax agencies including audits, collection matters, criminal investigations, and administrative hearings with the IRS Office of Appeals.

Prior to entering private practice, Mr. Taylor served as an Assistant U.S. Attorney in the Central District of California Tax Division of the U.S. Attorney's Office from 1987 to 1989. From 1984 to 1987, he was a Senior Trial Attorney with the Laguna Niguel IRS District Counsel's Office, where he handled Tax Court cases, criminal matters and complex collection, and bankruptcy matters for the IRS. From 1981 to 1984, Mr. Taylor was an Attorney with General Litigation Division of the IRS Office of Chief Counsel in Washington, D.C. His publications and other relevant experience are available on his website: https://www.taylorlaw.com/attorneys/a-lavar-taylor.

Based on his broad expertise and experience in IRS matters, Mr. Taylor will assist the jury in understanding tax processes and forms made relevant during the government's case-in-chief that are beyond the common knowledge of the lay juror.  In particular, Mr. Taylor will explain the IRS processes known as "offer in compromise" and "installment agreement," including the steps needed to complete the processes and any appeal.  In conjunction with relevant instructions, Mr. Taylor will review IRS forms such as the 433A and 433B forms at issue in this case. He will not offer an opinion on Mr. Millegan's taxes or on the particulars of Mr. Millegan's case.

Mr. Taylor is also a necessary defense witness to correct any misstatements or inaccuracies that may occur during the testimony of government IRS witnesses. The complexity of the tax code and the collections processes may cause government witnesses to provide partial, simplified, or inaccurate descriptions of  the processes in which Mr. Millegan was engaged and in which he is alleged to have submitted false statements. The defense should not be required to rely on government IRS witnesses to present information about tax policies and procedures. Mr. Taylor

**PAGE 4.    DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

has expertise in the processes of offer in compromise and in requesting an installment agreement and will help the jury understand the facts in order to allow them to draw the correct inference.

Mr. Taylor is also a necessary witness because the government has sought to limit the testimony to be provided by IRS witnesses subpoenaed by the defense. On information and belief, IRS employees subpoenaed by the defense received written instructions curtailing the areas of permitted testimony, and prohibiting testimony regarding practices, policies and procedures of the IRS unless relevant to the proceeding. If the subpoenaed witnesses are unwilling to testify about policies and procedures in light of these instructions, Mr. Taylor's testimony will be critical. Mr. Taylor has not written a report.

Mr. Millegan reserves his right to supplement this expert notification in order to prepare to address and rebut any issues which may be raised by the government's witnesses or experts. *See, e.g., United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983).

Respectfully submitted this 6th day of May, 2022.

*/s/ Lisa Hay*
Lisa Hay
Federal Public Defender
Attorney for Mr. Millegan

Mark Middaugh
Attorney for Mr. Millegan

Jessica Greenlick Snyder
On the Motions

**PAGE 5.    DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**