IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAMES W. MILLEGAN**, <br><br> Defendant. | Case No. 3:19-cr-00528-IM <br><br> **OPINION & ORDER RE: MOTION TO NARROW COUNT 13 (TAX EVASION COUNT) and FOR JURY INSTRUCTIONS** |

Lisa Hay, Office of the Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, OR 97204; Mark Middaugh, Middaugh Law, PLLC, 600 University Street, Suite 3020, Seattle, WA 98101; Thomas Freedman, Pearl Law LLC, 333 SW Taylor Street, Suite 300, Portland, OR 97204 Attorneys for Defendant.

Seth D. Uram and Katherine A. Rykken, United States Attorney's Office, 1000 SW 3rd Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

**IMMERGUT, District Judge.**

  This Court has reviewed the Parties' briefing on Defendant James W. Millegan's Motion to Narrow Count 13 of Indictment Based on Statute of Limitations and for Jury Instructions, ECF 94; ECF 112; ECF 122, and has considered the arguments presented at the May 25–26, 2022 pre-trial conference. For the reasons set forth below and as explained on the record, Defendant's Motion is DENIED. However, this Court will provide a "Summary of Charge" jury instruction rather than reading the Superseding Indictment, as well as instruct the jury on the requirement

PAGE 1 – OPINION & ORDER

that they must agree unanimously on at least one affirmative act within the statute of limitations period, as requested by Defendant.

## DISCUSSION[1]

Defendant is charged in a Superseding Indictment with 12 counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 1–12), and one count of Tax Evasion, in violation of 26 U.S.C. § 7201 (Count 13).[2] ECF 68. On May 4, 2022, Defendant filed his Motion to Narrow Count 13 of Indictment Based on Statute of Limitations and for Jury Instructions, in which he requests that this Court "narrow" Count 13 of the Superseding Indictment by striking information involving affirmative acts of evasion that pre-date the six-year statute of limitations under 26 U.S.C. § 6531(2). ECF 94. Defendant requests, in the alternative, that this Court not submit or read the Superseding Indictment to the jury, but instead provide various jury instructions addressing concerns related to the statute of limitations and unanimity. *Id.* at 6. Defendant also requests that this Court strike the "new" allegations related to Arbor Grove Equestrian that were added to the Superseding Indictment. *Id.*

On March 25, 2022, this Court held a pre-trial conference and heard argument on the instant motion. This Court denies Defendant's request to strike allegations from the Indictment. However, the Parties agree that this Court should provide a "Summary of Charge" jury instruction and an instruction addressing the affirmative acts in the Superseding Indictment that are outside of the limitations window. Accordingly, this Court will instruct the jury that to convict, the jury must find that Defendant committed at least one affirmative act of evasion after

---

[1] A fuller recitation of this case's factual background can be found in this Court's Opinion and Order denying Defendant's Motion to Suppress, ECF 84.

[2] On June 24, 2021, this Court granted Defendant's request to sever the tax evasion count for a separate trial. ECF 51.

PAGE 2 – OPINION & ORDER

November 19, 2013—with all of the jurors agreeing on which act was committed after that date.

## A. Legal Standard for Tax Evasion Under 26 U.S.C. § 7201

For a conviction of tax evasion under 26 U.S.C. § 7201, the government must prove three elements of the offense: (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990). An indictment alleging evasion is timely so long as it is brought within six years of the last affirmative act of evasion. *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) (noting that affirmative acts within six years prior to indictment made indictment timely, although taxes evaded were due and payable more than six years before indictment); *see also United States v. Cramer*, Nos. 3:17-cr-267-SI and 3:17-cr-271-SI, 2019 WL 1048830, at *3–4 (D. Or. Mar. 5, 2019) (holding that affirmative acts within six years prior to indictment made the indictment timely although taxes evaded were due and payable more than fifteen years before indictment).

An affirmative act of evasion is any act "the likely effect of which would be to mislead or conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943). "The government need only show one affirmative act of evasion for a count of tax evasion." *United States v. Lund*, No. 3:18-CR-180-SI, 2021 WL 2321670, at *2 (D. Or. June 7, 2021). Whether a defendant committed affirmative acts of evasion within the six-year period prior to the date of an indictment raises a mixed question of fact and law, and "a valid indictment provides the government with the opportunity to present evidence at trial that the affirmative acts occurred in the time frame that allows for conviction within the applicable statute of limitations as lawfully extended." *Id.* (internal quotation marks omitted) (quoting *United States v. Jensen*, 690 F. Supp. 2d 901, 910 (D. Alaska 2010)).

PAGE 3 – OPINION & ORDER

**B. The Superseding Indictment's Affirmative Acts of Evasion**

Defendant requests that this Court "narrow" Count 13 of the Superseding Indictment by striking information involving affirmative acts of evasion that pre-date the six-year statute of limitations under 26 U.S.C. § 6531(2). As explained below, this Court declines to strike this information because at least one alleged affirmative act of evasion occurred within the limitations period. Accordingly, the mere presence of affirmative acts of evasion that pre-date the statute of limitations does not require remedial action by this Court.

The parties agree that Defendant was indicted on November 19, 2019, and that the six-year statute of limitations for the tax evasion offense began to run on November 19, 2013. *See* ECF 94 at 11; ECF 112 at 2. Defendant claims, however, that because the Superseding Indictment contains alleged affirmative acts that occurred before November 19, 2013, the presence of this information in the Indictment requires this Court to strike the offending facts. ECF 94 at 12. Specifically, Defendant claims that of the six affirmative acts alleged in the Superseding Indictment, three occurred entirely before November 2013, and two occurred at least in part outside the limitations period.[3] *Id.* Defendant argues that including affirmative acts that occurred prior to November 19, 2013 could invite error because a juror could base their decision entirely on an affirmative act that fell outside the limitations period.[4] *Id.* at 12–13.

A statute of limitations is a procedural rule that determines when charges may be brought. *See United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000) (noting that a statute of limitations is a "procedural rule that requires the bringing of a complaint within a certain time

---

[3] Defendant's Motion provides a fuller description of the affirmative acts at issue. *See id.* at 7–9.

[4] Defendant's request to "narrow" the Indictment also extends to the Defendant's proposed "Summary of Charge" instruction which excludes a description of affirmative acts outside of the limitations window.

after the completion of a crime."). In *Carlson*, the Ninth Circuit confronted a case with similar facts involving affirmative acts that fell outside of the statute of limitations window. In *Carlson*, the government filed its superseding indictment on August 20, 1998 alleging evasion of payment—among other offenses. *Id*. The court noted that the government was required to prove that the defendant "committed at least one affirmatively evasive act" within this six-year window. *Id.* at 470–71. Despite the fact that one of the counts alleged conduct that fell *outside* of this period, the court did not find that this constituted grounds for reversal because "at least part of [the defendant's] conduct" fell within the statute of limitations period. *Id.* at 471. The court rejected the defendant's attempt to "transform the statute of limitations from a procedural rule barring the commencement of prosecutions into a rule of evidence." *Id.* at 470. Thus, there appears to be no bar to including affirmative acts outside of the statute of limitations and this Court sees no justification to depart from the reasoning articulated in *Carlson*. Further, this Court finds Defendant's authorities unpersuasive because they do not deal with the precise statute of limitations issues at hand.

This Court is also mindful to avoid any action that could violate the settled rule in federal courts that an indictment generally may not be amended without resubmission to the grand jury unless the modification is a mere matter of form or correction to a typographical error. *See Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Dawson*, 516 F.2d 796, 801 (9th Cir. 1975). While Federal Rule of Criminal Procedure 7(d) provides limited authority to strike surplusage from an indictment upon a defendant's motion, the purpose of this is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges. *United States v. Laurienti*, 611 F.3d 530, 546–47 (9th Cir. 2010) (citing *United States v. Terringno*, 838 F.2d 371, 373 (9th Cir. 1988)). Because these concerns are not present

here, Defendant's request for relief is unwarranted. Defendant cites numerous cases where courts have rejected constructive amendment arguments based on the fact that the information at issue was unnecessary to prove the offense. ECF 94 at 14–15. But even if this Court agreed that it had the power to strike information related to the pre-2013 affirmative acts, Defendant has provided no substantive authority indicating that this Court must engage in such a revision.

**C. Remedial Jury Instructions**

Should this Court decline to grant Defendant's request to narrow the indictment, Defendant requests, in the alternative, that this Court provide jury instructions that address the potential of juror error. ECF 94 at 17. Defendant argues that this Court should provide a statute of limitations and a unanimity instruction. A specific unanimity instruction must be given when there is a "genuine possibility of juror confusion" and a "genuine possibility of juror confusion exists when it is possible that some jurors will convict on the basis of one set of facts while others will convict on the basis of another set of facts." *United States v. Corona*, 359 F. App'x 848, 853 (9th Cir. 2009) (internal quotation marks and citations omitted). Similarly, a court is required to give a statute of limitations instructions "whenever there is a possibility that a verdict might rest only on conduct that occurred outside the statute of limitations." *Id.* at 853. The Government does not oppose a jury instruction designed to ensure that a conviction is based on a unanimous finding that defendant committed at least one affirmative act of evasion within the statute of limitations. ECF 112 at 6–7.

Further, Defendant will not be prejudiced by the inclusion of the affirmative acts in the Superseding Indictment because this Court does not intend to provide a copy of the Indictment to the jury or read the Indictment to the jury. Rather, this Court will summarize the affirmative acts in the Indictment in a "Summary of Charge" instruction,

PAGE 6 – OPINION & ORDER

and as explained above, include an additional instruction noting that only conduct that occurred within the limitations window may be considered when deciding the affirmative act element of the offense.

**D. Affirmative Acts Added to the Superseding Indictment**

Defendant also objects to the affirmative acts in subparagraphs 19(e) and (f) of the Superseding Indictment which describe payments to Arbor Grove Equestrian. ECF 94 at 21–22. Defendant claims that these allegations were not detailed in the original Indictment and must be struck. *Id.* This Court rejects Defendant's argument that the addition of this information broadened the Indictment without notice to Defendant. "Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990). Although "[t]olling continues when a superseding indictment on the same charges is returned while a previous indictment is still pending," if the superseding indictment "broaden[s] or substantially amend[s] the charges in the original indictment, the statute of limitations would not have been tolled as to those charges." *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) (internal quotation marks and citation omitted). Notice is the "central concern" in determining whether the statute of limitations is tolled based on similar counts included in an earlier indictment. *Id.* at 997.

Defendant asserts that the Superseding Indictment's allegations related to Defendant's false statements to the IRS in 2013 and 2014 should be stricken because they broadened the original Indictment, and Defendant was not on notice that there was an affirmative act related to Arbor Grove Equestrian. ECF 94 at 23. In support of this argument, Defendant relies on *United States v. Liu*, a case in which the defendant was charged in the original indictment with violating copyright law by willfully infringing the copyrights of copyrighted music and software. 731 F.3d

at 995–96. In a later superseding indictment, the government added a count, which specifically alleged that the defendant willfully infringed the copyright of a motion picture. *Id.* at 996. Despite the general language in the original indictment relating to infringement of "the copyrights of copyrighted music and software," the court noted that the defendant "had no notice whatsoever that he should prepare to be prosecuted for willfully infringing a *motion picture work* until the second superseding indictment was returned." *Id.* (emphasis added).

Defendant's reliance on *Liu* is misplaced because the case is easily distinguishable. *Liu* presented a situation where the court found it unreasonable to expect a defendant to be on notice that the government would allege infringement on a type of work that was wholly different from what was alleged in the original indictment. This is in stark contrast to the facts here where the only difference between the allegations in the two Indictments is that the original Indictment did not include information that Defendant allegedly paid Arbor Grove Equestrian each month for personal equestrian activities for himself and family members. In sum, the two Indictments charged the same crime, for the same tax years, for the same amount of taxes owed, in violation of the same statute, for the same affirmative acts related to the same element, and exposed the defendant to the same sentence. Defendant fails to explain how these factors, which were outlined in *Liu*, fail to support the Government's argument. *See id.* 731 F.3d at 996–97 ("To determine whether a superseding indictment substantially broadens or amends a pending timely indictment . . . it is appropriate to consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence.") (internal quotation marks and citation omitted). Accordingly, this Court does not find that the Superseding Indictment's addition of these alleged falsehoods in the same financial information statements somehow broadened the Superseding Indictment so

substantiality that eliminating the tolling between indictments is now justified.

## CONCLUSION

Accordingly, this Court denies Defendant's request to strike from the Superseding Indictment the affirmative act allegations that he objects to. In lieu of reading the Superseding Indictment or providing the jury with a copy, this Court will provide a "Summary of Charge" instruction. Further, by agreement of the Parties, this Court will instruct the jury that to convict, they must find that Defendant committed at least one affirmative act of evasion after November 19, 2013 and that they must be unanimous on the affirmative act predicating their decision.[5] Defendant's Motion to Narrow Count 13 of Indictment Based on Statute of Limitations and for Jury Instructions, ECF 94, is DENIED.

**IT IS SO ORDERED**.

DATED this 27th day of May, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[5] As this Court noted at the pre-trial conference, the precise language of these instructions may still be subject to ongoing conferral and revision by the Parties.