IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:19-cr-00528-IM |
| v. | **AMENDED OPINION AND ORDER RE: MOTIONS IN LIMINE**[1] |
| **JAMES W. MILLEGAN**, | |
| Defendant. | |

Lisa Hay, Office of the Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, OR 97204; Mark Middaugh, Middaugh Law, PLLC, 600 University Street, Suite 3020, Seattle, WA 98101; Thomas Freedman, Pearl Law LLC, 333 SW Taylor Street, Suite 300, Portland, OR 97204. Attorneys for Defendant.

Seth D. Uram and Katherine A. Rykken, United States Attorney's Office, 1000 SW 3rd Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

**IMMERGUT, District Judge.**

Defendant James W. Millegan is charged with one count of tax evasion, by willfully attempting to evade and defeat the payment of income tax, in violation of 26 U.S.C. § 7201. ECF

---

[1] At the June 1, 2022 Pre-Trial Conference, Defendant alerted the Court to an error in its May 27, 2022 Opinion and Order on the Parties' Motions in Limine, ECF 131. In Section B.1. (Motion to Exclude Bad Acts Evidence), the Court mistakenly noted that it was granting Defendant's Motion in Limine with respect to "lavish lifestyle" evidence. That error has now been corrected in this amended Opinion and Order. No other changes have been made to this Opinion and Order.

PAGE 1 – OPINION AND ORDER

68.[2] A jury trial is scheduled to begin on June 7, 2022. This Court held a pre-trial conference on May 25 and May 26, 2022. For the reasons set forth on the record and below, the Court addresses parties' pending motions in limine, ECF 100; ECF 110, as follows.

## DISCUSSION

A. Government's Motions in Limine (ECF 100)

   1. Motion to Admit Evidence of Defendant's Lifestyle and Spending

GRANTED as to the following categories of evidence: (1) Defendant's personal assistants; (2) Defendant's cars; (3) Defendant's homes; (4) equestrian activities[3]; and (5) travel, country club membership, clothing, books, and wine. This Court also finds that evidence predating the alleged evasion period is admissible (*i.e.*, evidence of restoration work on the Rolls Royce and evidence relating to the sale of Defendant's Pacific City home). This evidence is relevant and highly probative of willfulness and motive, as well as intertwined with statements Defendant gave to the IRS. In this case, the particular types of expenditures are relevant and probative to show Defendant's state of mind and willfulness. This Court finds that any prejudicial or cumulative effect does not substantially outweigh the probative value of this evidence. Fed. R. Evid. 403. However, this Court cautions the Government against presenting unnecessary, cumulative evidence of Defendant's lifestyle and expenditures, and Defendant may renew his objection if evidence in any particular "lavish lifestyle" category becomes cumulative or unduly prejudicial during trial. Defendant may propose a limiting instruction on this lifestyle

---

[2] Defendant is also charged with twelve counts of wire fraud in violation of 18 U.S.C. § 1343. On June 24, 2021, this Court granted Defendant's request to sever the tax evasion count for a separate trial. ECF 51.

[3] Except that certain evidence regarding the circumstances of the donation of the horse "Armani" is excluded, as explained below.

PAGE 2 – OPINION AND ORDER

evidence.

DENIED as to evidence related to Defendant's "girlfriends," "mistresses," or any extramarital affairs. Any probative value about Defendant's expenditures on girlfriends is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

### 2. Motion to Exclude Defendant's Burden of Proof Chart

GRANTED. The proposed demonstrative, with multiple different "levels" of the burden of proof beyond the traditional three (preponderance, clear and convincing, and beyond a reasonable doubt), fails to accurately reflect the legal standard for reasonable doubt and conviction in a criminal case. *See* ECF 203 at 25-28, *United States v. Proudfoot*, No. 3:15-cr-00427-SI (D. Or. July 7, 2019); *Palomar v. Madden*, No. 1:15-CV-01279-DAD-SAB-HC, 2016 WL 4095965, at *19 (E.D. Cal. Aug. 2, 2016). The proposed demonstrative risks misleading and confusing the jury, and "prevent[ing] [Defendant] from arguing incorrect statements of law [is] something that is well within the court's discretion." *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013); *see also* Fed. R. Evid. 403.

Defendant's Sixth Amendment rights are not impinged by this ruling—counsel is permitted to argue that the Government has failed to prove its case beyond a reasonable doubt and to comment on the reasonable doubt standard during closing, so long as the argument comports with this Court's instruction on reasonable doubt. *See Doe*, 705 F.3d at 1149 (explaining that the court "may limit closing arguments to ensure that they 'do[ ] not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial.'" (quoting *United States v. Herring*, 422 U.S. 853, 862 (1975)); *Palomar*, 2016 WL 4095965, at *20 ("Defense counsel was not denied the ability to argue whether the People had met their required burden of proving the crimes alleged beyond a reasonable doubt. Rather, defendant was merely restricted from using a visual aid to make his arguments to the jury.").

PAGE 3 – OPINION AND ORDER

3. **Motion to Restrict Defense Use of Search Warrant Affidavit in Cross Examination**

DENIED. The Court denies the Government's motion to prohibit Defendant from cross-examining IRS Special Agent Jason Nix on his sworn statements contained in a search warrant application. *See* ECF 100 at 13–15. Defendant may cross examine Special Agent Nix regarding any misstatements made in the affidavit that go to credibility and bias. This Court is, however, cognizant that the search warrant affidavit has already been litigated, ECF 81, and cautions Defendant against any cross examination that is harassing or that results in a mini-*Franks* hearing. The Government may renew its objection if necessary during trial.

4. **Motion to Admit Evidence of Defendant's State Tax Debt**

GRANTED. Evidence related to Defendant's state tax debt is relevant and probative of willfulness and knowledge of a legal duty to pay, particularly because the years for which Defendant owed state taxes overlap with the years he owed federal taxes and the alleged evasion period. *See United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998) (explaining that "a defendant's past taxpaying record is admissible to prove willfulness circumstantially" in a § 7201 case); *United States v. Oliver*, 850 F.2d 693 (6th Cir. 1988) ("[T]he case law is clear that the failure to pay state income taxes is relevant evidence in a federal income tax prosecution on the issue of willfulness."); *United States v. Greenlee*, 517 F.2d 899, 905 (3d Cir. 1975) (finding that the filing of a city tax return "provided an indication of the defendant's attitude toward reporting and paying taxes generally, and was thus probative on the question of whether he acted willfully in his failure to file federal returns"). The probative value of such other acts evidence is not substantially outweighed by unfair prejudice. *See* Fed. R. Evid. 403; Fed. R. Evid. 404(b).

Accordingly, such evidence is admissible.[4] Defendant may propose a limiting instruction regarding state tax debt.

## B. Defendant's Motions in Limine (ECF 110)

### 1. Motion To Exclude Bad Acts Evidence

GRANTED as to evidence related to "mistresses" for the reasons explained above in response to the Government's first motion in limine.

GRANTED as to evidence that Millegan was an "inappropriate boss." Even if marginally relevant and probative for purpose of impeachment, the probative value is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. The Government's witnesses, former employees of Defendant, may testify as to expenses and tax payment, but may not testify as to their experiences with Defendant as their employer. The Government may lead witness in order to prevent testimony on this irrelevant and prejudicial background information. Defense counsel stated on the record that counsel does not intend to impeach these witnesses with evidence about their relationships with Defendant. To the extent an issue arises during trial regarding a need to offer such testimony, counsel for either side may renew the objection and request a sidebar.

DENIED as to "lavish lifestyle" evidence for the reasons explained above in response to the Government's first motion in limine. As stated above, Defendant may propose a limiting instruction and the Government is cautioned against presenting cumulative evidence on any single category of "lavish lifestyle" evidence.

GRANTED as to the circumstances surrounding the transfer of Defendant's horse,

---

[4] This Court understands that the Government intends to introduce Exhibits 111, 112, 164, 165, 166, and 167 on this topic. ECF 100 at 17; ECF 119 at 1.

Armani, in 2010; EXCEPT that the Government may introduce evidence that Defendant sought to donate the horse for a tax deduction and that Defendant was personally involved in seeking the deduction. Evidence about the circumstances of the donation (*i.e.*, Defendant's anger and the potential for a physical altercation) is unduly prejudicial. However, evidence that Defendant sought to donate the horse in order to get a tax deduction during the alleged tax evasion period is highly relevant and probative, and that probative value is not outweighed by a risk of undue prejudice. *See* Fed. R. Evid. 403. The Government agreed on the record to redact the portions of the evidence—an email chain—which this Court rules are inadmissible such that only the admissible emails are introduced.

GRANTED as to evidence of the federal tax assessment or calculation; EXCEPT that the Government may introduce evidence that Defendant did not take a salary from his business, despite being advised to and evidence related to the personal nature of Arbor Grove expenses.[5] The Government may not allege that Defendant underreported or misreported his taxes; the Government stated that it will accept Defendant's federal income tax returns as accurate in its briefing, ECF 113 at 3, and on the record. Defendant may propose a limiting instruction as to the Arbor Grove and salary evidence.

DENIED as to Defendant's Oregon state tax debt for the reasons explained above in response to the Government's fourth motion in limine.

**2. Motion to Exclude Email Evidence Outside a Hearsay Exception**

DENIED AS MOOT as to Exhibits 77, 126, and 131. Defendant withdrew his objections to these exhibits. ECF 124 at 11.

---

[5] This Court understands the Government intends to introduce Exhibits 129 and 325 in relation to the Arbor Grove expenses. ECF 113 at 3.

DENIED AS MOOT as to Exhibit 110. The Government withdrew this exhibit on the record.

GRANTED as to Exhibit 78, EXCEPT that the Government may introduce redacted email correspondence showing only the reasons for the 2010 donation of the horse, Armani, as explained above in response to Defendant's first motion in limine. This Court understands from the colloquy on the record that the Government will redact statements made by Julia Richard, which are the subject of one of Defendant's hearsay objections to this evidence.

DENIED as to Exhibits 81 and 94. This Court finds that the statements in these emails by Defendant's employees are admissible under Rule 801(d)(2) and, assuming the Government produces a Rule 901 certification as to RBC, statements by RBC employees are admissible as business records under Rule 803(6).

DENIED as to Exhibits 125, 127, and 128. This Court finds that statements in these emails by Defendant's employees are admissible under Rule 801(d)(2) and that the statements by the CPA employees are admissible as business records under Rule 803(6).

**3. Motion to Exclude IRS Case History Notes**

RESERVED RULING. As stated at the hearing, this Court finds that as a general matter, the IRS Case History, Exhibit 67, is admissible under Rule 803(8), the public records exception to hearsay, because the Court is satisfied that IRS Collections personnel are not law enforcement personnel. *See* ECF 113 at 11–12; *see also* Naillon Decl.[6] Nonetheless, upon review of this exhibit, this Court finds that substantial portions of the Case History are excludable under Rule

---

[6] The Government submitted a declaration of IRS Field Collections Territory Manager Carmen Naillon, which is appended to this Opinion as Exhibit 1. Naillon avers that IRS Collections personnel are not law enforcement personnel and perform no law enforcement functions.

403 due to the risk of undue prejudice, confusing the jury, and cumulativeness. *See* Fed. R. Evid. 403. Accordingly, substantial portions must be redacted from the proposed Exhibit 67, though the following categories of entries are likely admissible: statements made by Defendant or his representatives to the IRS; statements made by the IRS to Defendant or his representative; statements made by Defendant's wife in Defendant's presence; and calculations of taxes owed, which are made in the regular course.[7] The Government stated on the record that it will propose redactions to Defendant, parties will confer, and present the amended exhibit to this Court by May 31, 2022. This Court ORDERS such conferral and submission.

### 4. Motion to Exclude Evidence of Federal Tax Audit

GRANTED as to Exhibit 186. This Court finds that as a general matter Exhibit 186—a memo prepared by IRS Revenue Agent Joanna Neal—is admissible hearsay under Rule 803(8). But much of this exhibit contains material that is likely cumulative and confusing to the jury, and any probative value is substantially outweighed by these risks. *See* Fed. R. Evid. 403. This exhibit may properly be used to refresh the witness's recollection and the witness may testify as to the conduct underlying the preparation of the memo, but Exhibit 186 is excluded from going to the jury as evidence.

DENIED AS MOOT as to Exhibit 188. The Government withdrew this exhibit on the record and stated that it intends to use this exhibit only to refresh the witness's recollection.

### 5. Motion to Exclude or Limit Testimony of Joleen Classen

GRANTED insofar as this witness may not testify—consistent with this Court's other rulings—that Defendant was an inappropriate boss or about Defendant's girlfriends, and may not

---

[7] As stated on the record, this Court will allow a witness to testify as to the entirety of the Case History; the Case History in its entirety cannot, however, go to the jury.

testify that Defendant said "People like me do not go to prison. We hire lawyers."; EXCEPT that Classen may testify as to her statements to Defendant (*e.g.*, that she told him he should pay his taxes) and that he generally said no. This Court finds that any probative value of Defendant's specific statement is substantially outweighed by a risk of unfair prejudice. Fed. R. Evid. 403. However, the general testimony that Defendant was told he should pay his taxes and declined to do so is probative and not unduly prejudicial. *Id.*

If Defendant opens the door to this testimony, for example by testifying, the Government may renew its objection to this ruling.

### 6. Motion to Exclude the Government's Summary Exhibits Regarding Bank Account Withdrawals

DENIED. The Government has provided Defendant with the original documents underlying the summary exhibits as required by Rule 1006. That is sufficient. *See United States v. Lewis*, 594 F.3d 1270, 1282 (10th Cir. 2010) (holding that "Rule 1006 did not require disclosure of the government's database" because "the database served only as an aid in preparing the summary—allowing the government to perform calculations from the bank records" and "[t]he underlying documents in this case are not the database but the bank records themselves"). Exhibits 17, 19, 21, 23, 25, and 27 are admissible as long as Defendant does not identify any inaccuracy in the summaries and the Government lays the required foundation for their admission.

### 7. Motion to Prohibit the Government from Playing Portions of a Bankruptcy Hearing

DENIED AS MOOT. The parties represented on the record that they are in the process of resolving this issue.

### 8. Motion to Exclude Evidence of Affirmative Acts Not Presented to the Grand Jury

DENIED AS MOOT as to prohibiting the Government from referring to the uncharged tax misconduct as "affirmative acts" and as prohibiting the Government from seeking a conviction based on any uncharged misconduct. The Government agreed that it will not do so. ECF 113 at 27.

DENIED as to excluding the uncharged misconduct predating the alleged evasion period. This Court finds that such evidence is relevant and probative of Defendant's willfulness during the evasion period, as well as intertwined with the charged offense, and any risk of unfair prejudice or confusing the jury does not substantially outweigh the probative value.[8] Fed. R. Evid. 403. Defendant may propose a limiting instruction.

### 1. Motion to Exclude Evidence of Affirmative Acts Outside the Statute of Limitations

DENIED. Evidence of affirmative acts outside the statute of limitations is relevant and highly probative of Defendant's intent and motive. Any risk of prejudice or confusion does not substantially outweigh the probative value of this evidence. Fed. R. Evid. 403; *see also United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000) (rejecting the argument that the "affirmative act element of the offense could not be based on conduct occurring outside the statute of limitations").[9]

### CONCLUSION

The parties' motions in limine raised in ECF 100; ECF 110 are GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order and on the record at the hearing.

---

[8] For further details, *see* this Court's Opinion regarding the Motion to Narrow. ECF 130.

[9] For further details, *see* this Court's Opinion regarding the Motion to Narrow. ECF 130.

**IT IS SO ORDERED**.

DATED this 2nd day of June, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
