IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMES WOODWORTH MILLEGAN,** <br><br> Defendant. | Case No. 3:19-cr-00528-IM <br><br> **OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

Meredith D.M. Bateman, Assistant United States Attorney, and Natalie K. Wight, United States Attorney, 1000 SW Third Ave., Ste. 600, Portland, OR 97204. Attorneys for the Government.

Michelle Sweet, Jessica Snyder and Erin J. Snyder Severe, Office of the Federal Public Defender, 101 SW Main St., Ste. 1700, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant James W. Millegan's Motion for Sentence Reduction ("Mot."), ECF 234. Defendant requests a 10-month sentence reduction under 18 U.S.C. § 3582(c)(2). He argues that he is eligible for a sentence reduction pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines, that he presents a minimal risk of reoffending, and that a reduction is warranted to allow him to care for his disabled wife. *Id.* at 1.

PAGE 1 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

The Government opposes the Motion. Government's Response to Defendant's Motion ("Resp."), ECF 240. It concedes that Defendant qualifies as a zero-point offender under Amendment 821 to the Sentencing Guidelines.[1] But the Government argues that reduction is inappropriate under the § 3553(a) factors and that Defendant has not established that he is not a danger to the community. *See id.* at 7–12.

This Court agrees with the Government and DENIES Defendant's Motion for Sentence Reduction, ECF 234.

## LEGAL STANDARDS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may, however, reduce an inmate's term of imprisonment if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has established a two-step approach for determining whether a sentence may be reduced under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the court determines whether the defendant is eligible for a sentence reduction under the Commission's policy statement in United States Sentencing Guideline ("U.S.S.G.") § 1B1.10.

---

[1] Defendant's motion notes that "[t]he government is not contesting Mr. Millegan's eligibility for sentence reduction under the retroactive amendments in U.S.S.G. § 4C1.1 (2023)." Mot., ECF 234 at 1. It is apparent from this that the parties conferred regarding this motion. In the future, Defendant should make clear when the Government opposes the motion, even if it concedes particular facts or arguments. *See* Resp., ECF 240 at 5 n.2 (declining to concede that defendant is eligible for a reduction).

PAGE 2 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

*See id.* Under § 1B1.10, the court must determine the amended guideline range that would have been applicable had the relevant amendment been in effect at the time the defendant was sentenced. *See id.* Second, the court considers the applicable § 3553(a) factors and determines "whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *See id.*

## BACKGROUND

On November 21, 2019, Defendant was charged in a thirteen-count indictment with one count of tax evasion in violation in violation of 26 U.S.C. § 7201 and twelve counts of wire fraud.[2] On June 24, 2021, this Court granted Defendant's motion to sever the tax evasion count from the wire fraud counts finding there was a risk the jury may cumulate the evidence between the tax evasion count and the wire fraud counts, substantially prejudicing Defendant; because joinder did little to promote judicial economy; and because there was minimal evidentiary overlap between the counts. Order, ECF 51 at 9–11. Based on the parties' request, this Court agreed to try the tax evasion count first and the wire fraud counts four months later. ECF 165.

On November 14, 2022, Defendant was convicted of tax evasion after an eight-day jury trial. *See* Minutes of Proceedings, ECF 179. The Probation Office assigned Defendant a total criminal history score of zero, which establishes a criminal history category of I. Amended Presentence Investigation Report, ECF 203 ¶ 64. The Guidelines provided for a sentence of 51 to 60 months in custody followed by one to three years of supervised release and a fine between $20,000 and $100,000. *Id.* ¶¶ 92, 95, 100. On April 3, 2023, this Court followed the joint

---

[2] Defendant was originally charged with twelve counts of investment account churning in violation of 15 U.S.C. § 78j(b). Indictment, ECF 1. On February 17, 2022, Defendant's investment account churning counts were replaced by superseding indictment of twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Superseding Indictment, ECF 68.

recommendation of the parties and sentenced Defendant to a sentence of 51 months in custody and three years of subsequent supervised release and ordered Defendant to make restitution. Judgment & Commitment, ECF 205. This sentence was imposed pursuant to a highly negotiated post-trial "Plea and Sentencing Agreement," in which the Government agreed to dismiss the pending counts of wire fraud in exchange for Defendant's agreement to waive appeal and make restitution to the wire fraud victims and the IRS. Plea and Sentencing Agreement, ECF 192.

## DISCUSSION

This Court denies Defendant's motion for sentence reduction because, while he qualifies as a zero-point offender, reduction is inappropriate under the § 3553(a) factors. Defendant's sentence reflects the seriousness of his offense, his lack of remorse—including buying a luxury car within the months of trial—and the need for individual deterrence. This Court commends Defendant's post-conviction conduct, but it is not enough to overcome the § 3553(a) factors that weigh against reduction. This Court also sympathizes with Defendant's wife's ailing health, but as Defendant concedes, her health is not a factor that this Court may consider in reducing his sentence under § 3582(c)(2). It also says nothing of how well Defendant's sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, or affords adequate deterrence. Reducing Defendant's sentence is unwarranted.

**A. Defendant Is Eligible for a Reduction as a Zero-Point Offender.**

Amendment 821 to the Sentencing Guidelines took effect on November 1, 2023, and Parts A and B of the Amendment may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). Part B of Amendment 821 provides for a two-offense-level reduction for defendants who did not have any criminal history points under Section 4A1.1 at the time of their offense and who meet certain other criteria. *See* U.S.S.G. § 4C1.1(a)(1). The parties agree that Defendant is eligible for relief under Part B because he meets all of the criteria in § 4C1.1(a). Resp., ECF 240 at 6.

PAGE 4 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

Defendant's guideline range was 51–60 months under the previous calculation and is 41–51 months under the new calculation. *See* Mot., ECF 234 at 5.

**B.  The § 3553(a) Factors Weigh Against a Sentence Reduction.**

While it is undisputed that Defendant is eligible for a reduction, the Court retains great discretion in deciding whether to actually grant relief after weighing the factors set forth in 18 U.S.C. § 3553(a). *United States v. Dunn*, 728 F.3d 1151, 1159–60 (9th Cir. 2013). Section 3553(a) lists seven factors a court must consider before modifying an imposed term of imprisonment. The parties focus their briefing on the first two factors, which include the nature and circumstance of the offense, the history and characteristics of the defendant, and the need for the sentence imposed:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> 
> (B)  to afford adequate deterrence to criminal conduct;
> 
> (C)  to protect the public from further crimes by the defendant; and
> 
> (D)  to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner.

28 U.S.C. § 3553(a)(1)-(2).

The analysis under § 3553(a) is based on a totality of the circumstances; a court "need not tick off each of the § 3553(a) factors to show it has considered them." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (quoting *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013). A court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the

PAGE 5 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

public." *Id.* at 966 (quoting *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); § 3553(a) and (a)(2)) (cleaned up).

Defendant argues that a 41-month sentence would be consistent with this Court's previous decision to impose a sentence at the low end of the guideline range. Mot., ECF 234 at 5. He points to his participation in prison work and programming and his compliance with his restitution obligation, which he argues shows his low risk of recidivism. *Id.* at 11; Reply to Government's Response ("Reply"), ECF 241 at 7–9. He also argues that his wife's Parkinson's has impaired her ability to care for herself, and that a reduction in sentence is warranted to allow him to assume caretaking responsibilities. Mot., ECF 234 at 11–12.

The Government argues that no reduction is warranted given the nature of the offense and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public. Resp., ECF 240 at 9–11. This Court agrees with the Government and concludes that, even though Defendant is eligible, the § 3553(a) factors weigh against reducing his sentence.

Defendant argues in Reply that the facts do not show that he is a danger to any person or the community, as his offense was non-violent and he accurately reported his taxes and several times paid off his tax debt. Reply, ECF 241 at 8. He also emphasizes that his conduct before trial and after sentencing "without incident" show he is not a danger. *Id.* at 8–9.

This Court disagrees. At sentencing, this Court gave specific reasons for imposing a sentence of 51 months, including that the sentence reflected the nature of the offense, particularly in light of Defendant's "attitude" toward the offense and his complete lack of remorse for any of his conduct. This is evidenced by the scope and duration of his conduct, which occurred over a lengthy period of time, as well has his continued extravagant lifestyle up to the time of trial,

PAGE 6 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

including purchasing a luxury vehicle just months before trial. This Court explained at sentencing, and maintains now, that his sentence was justified by the "great need for individual [and general] deterrence" for such flagrant disregard of the tax laws and abuse of one's position of trust held with clients.

Defendant emphasizes that the highly negotiated plea deal was based on the wrong guideline range, which pre-dated the retroactive amendment. Reply, ECF 241 at 6–7. But Defendant leaves out that the Government agreed to drop twelve counts of wire fraud, rather than pursue a second trial, in exchange for a 51-month sentence. As a result of this agreement, Defendant got out of a second trial with the potential for several additional felony counts, and thus a lengthier sentence. Simply comparing Defendant's sentence to other tax offenders' sentences, *see* Reply, 6–7, fails to take into account a complete picture of Defendant's conduct.

Since sentencing, little has changed in Defendant's circumstances. While commendable, the Court is not persuaded that Defendant's participation in prison programming suggests a decreased likelihood of recidivism such that his sentence should be reduced. Furthermore, Defendant's wife's medical condition, while unfortunate, is not grounds for early release. As the Government notes, and as Defendant concedes, his wife's health issues are "not directly" relevant to the § 3553(a) factors. Mot., ECF 234 at 11; Resp., ECF 240 at 10–11. Considering the scale, duration, and sophisticated nature of Defendant's offense, the need for appropriate deterrence, and the fact that the sentence was the product of a highly negotiated plea agreement, the Court is satisfied that 51 months of imprisonment is a fair and proper sentence at this time.

## CONCLUSION

For the reasons above, this Court DENIES Defendant's Motion for Sentence Reduction, ECF 234.

**IT IS SO ORDERED.**

DATED this 21st day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge